LOVE, J.,
Concurs in Part and Dissents in Part.
|,I respectfully concur in part and dissent in part for the reasons assigned below. I respectfully disagree with the majority as it relates to the contempt ruling. A trial court is vested with “great discretion to determine whether a party should be held in contempt for willfully disobeying” a court order. Fink v. Bryant, 01-987, p. 7 (La.11/28/01), 801 So.2d 346, 350. Ms. Fontana alleged in her motion for contempt that Mr. Fontana “failed to pay interim spousal support in the sum of $3,940.00 in reimbursement expenses, and has not paid the cash amount which is due for the month of November, 2012.”
The trial court found Mr. Fontana in contempt although he paid the November 2012 arrearages, it was paid late. On appeal, Mr. Fontana contends that since the first payment it was his customary practice to pay the full cash amount on the fifteenth day of each month even though he was only required to pay one-half. Mr. Fontana avers that he had a running credit of $1,375.00 because he pays the full amount on the fifteenth of each month, and thus he is not in contempt. As Mr. Fonta-na has an established pattern of paying the full amount on the fifteenth and Mr. Fon-tana did not make any payment until November 21, 2012, Mr. Fontana was past due by six days. Accordingly, the trial court did not abuse its vast discretion in finding him in constructive contempt. Therefore, I would affirm the trial court’s 12ruling finding Mr. Fontana in contempt and affirm the order directing him to pay the associated attorney’s fees.
Additionally, I concur with the majority in all other issues addressed in the opinion.